McDonald's McQuick on food on KFC on okay the next argued case is number 15 70 78 so it's against McDonald's this is a case this is a veteran's appeal and this is a case a straightforward case of statutory construction now as this court knows many veterans appeals that come before this court are are a narrow issue of whether this court has jurisdiction to entertain the appeal because of the relatively narrow scope standard of appeal for veterans cases and this is a case that I think we can all agree is one that is interpreting the statute as to the duty to assist a veteran in this case the appellant Robert service is appealing the 2015 CAVC decision which was affirming the Board of Veterans Appeals denial of his claims for benefits due to for dementia due to ionizing radiation and this appeal directly raises the question about the scope of the legal obligation imposed on the VA under the statute statutory duty to assist now the appellee's arguments focus almost exclusively on the issue of jurisdiction whether his court has jurisdiction to entertain them this question the appellee's arguments that the Federal Circuit repeatedly refuses to hear appeals challenging the fulfillment of the duty to exist ignores the bulk of cases that in which the Federal Circuit exercises jurisdiction where the Court of Veterans Appeals resolution of the duty to assist turned directly on interpretation of specific statutory language as it does here now here the duty to assist the main statute 5103 a a1 imposes a duty to assist a claimant in obtaining evidence necessary to substantiate a claimant's claim as you know there's an exception and the exception is 5103 a2 the exception provides if no reasonable possibility exists that such assistance would aid in the claim so which words was the Veterans Court interpreting there the Veterans Court was interpreting that if no reasonable possibility exists and the Veterans Court interpreted those words incorrectly by imposing a requirement that is more strict than that they impose a requirement that it must be reasonably helpful as we lay out in our in our brief have a reasonable possibility that something might substantiate a claim and requiring that something might be reasonably helpful in substantiating that claim are two different things you're saying this represents in your view of misinterpretation of the statute exactly and as to elaborate a little bit on the distinction between those two things I think it might be helpful to analogize to an evidentiary rule of discoverability versus admissibility if there's no reasonable possibility that something exists that's more like an akin to a discovery standard something might be discoverable but you don't know whether there will be a reasonable possibility you don't know whether it's going to be admissible and you don't know whether that discover potentially discoverable information is going to be helpful but there will ultimately be admissible in court those things that's it was a legal error for the for the court to interpret those that construction to require a reasonably helpful standard now the court in in so doing it was it was a short opinion the Veterans Appeals Court it was a four-page opinion and in that case it relied on one case no less than five times and particularly cited that case for this interpretation now that case was Hilkert there's nowhere in that case that uses the reasonably helpful language and I think part of the part of the error here might have come from the fact that that case was interpreted at a time where there is the requirement that a veteran have a well-pleaded claim and as we know that's no longer the law so it's not the case that you the veteran has to show that certain evidence would be reasonably helpful in well-pleaded any case law that discusses that is an apposite here because we no longer have that well-pleaded requirement so what if a veteran said well I saw a documentary on PBS last year I think it was on frontline and it was talking about the relationship between radiation and dementia you think the duty to assist would kick in and the VA would have to try to sort through PBS's files on the internet for trying to find that documentary on frontline? I'm just assuming the fact that this is a hypothetical yeah hypothetically judge Chen no I don't think absent further facts that the VA had also discussed it or something else it had risen in a context no I don't think that would necessarily raise that requirement and that sort of goes to what I think is a little bit of a red herring that Apley makes the argument in their brief that we are arguing that this the medical evidence the medical documents should have been looked at by the VA and should have been considered in their duty to assist solely because the veteran put them forward and that's not the argument here we explain that the veteran did put them forward put abstracts of the articles forward and made it clear that they would have been adequately available but in fact it was the VA itself that put the issue before the examiner did examine the patient and exam and explains that there may have there is a correlation in the scientific literature between dementia and and and exposure to radiation but the medical literature is uncertain enough that it one cannot be absolutely clear on this issue the board made a fact-finding that mr. service wasn't exposed to radiation during his time of service rain I think if the board made that finding I'm not saying that that actually is reality but the board made that find is that rain well what actually the board said and I think this is a little bit confused by the briefing the board made the finding that I can look up the exact language the board made a finding that it wasn't he wasn't directly exposed and I believe he says this is page a 174 of the appendix at best he had indirect contact with nuclear materials and what Apple he has done here I think is conflated the word direct with a direct requirement for having a direct service connection I'm looking at a 174 to 175 which is pages 7 and 8 the board decision and there's a sentence here it's kind of a wind-up sentence that says in light of the foregoing the board finds that this non-combat veterans lay statements when weighed against the other evidence of record do not support his assertion of being exposed to radiation so that's I'm not saying that's right I'm not saying that's wrong but I'm just the plain language of that statement sounds pretty definitive so to the extent that you're saying that's a factual finding that you don't have jurisdiction to review I would argue that earlier on as part of this factual finding he explains at best had indirect contact with nuclear materials and then in explaining how to view the medical articles says that therefore altogether when weighed against the other evidence does not support an assertion of being exposed to radiation I think if you in part this this finding is predicated on a misinterpretation of what the duty to assist requires and if you say that this comprises an evaluation of whether the duty to assist was fulfilled and that's factual determination then I think every statutory misinterpretation of the duty would be unreviewable before this court because ultimately by the time you get to interpreting the statute there will have been factual findings below we're not arguing this factual finding on its face on this record we're arguing that the duty to assist was not interpreted correctly I guess I'm just trying to understand what can be done for your client if in fact we have an unreviewable finding that kind of breaks the chain on service connection when there's a finding that there is there's not been any kind of exposure to radiation so whether or not there is some kind of medical connection between Mr. Sovis get veterans benefits well I think in this case all this court can do is consider and all that we're requesting that this court do is can is consider a remand specifically on a very narrow issue specifically instructing the VA to get those articles and to examine them and then how would that ultimately advance Mr. Sovis' cause when we have a fact-finding that there's been no exposure to radiation well I think they I think they say that exposure was indirect at best and if what under a correct duty to assist if they examine the evidence that they should have examined in the first instance and that changes anything then that changes anything below it's it's I don't know it's the court needs to adjust those considerations here in order to remand solely on the misinterpretation of the statute. I'm happy to entertain other questions I also wanted to address and mention briefly that Apolyse cases most of the Apolyse cases that they cite are distinguishable here on one basic premise this is not a case where the claimant is acting only in a passive role and thus explaining the duty to assist does not encompass the duty to prove a claim for such a passive claimant. Apolyse spends a great number of pages citing the types of cases that I'm sure you're aware of would would the Wood v. Derwinski case the Gage v. McDonald case that explain you know the in the interaction between the veteran and the VA this is not a one-way street the veteran doesn't impose upon the VA a boundless search for records that may prove futile if if the evidence is not relevant I don't think any of those cases need to be considered here and I don't think they're relevant here at all because this is absolutely not that situation there is this has not been a one-way street this is not a passive claimant upon a basic review of the record this court issued the the court below sorry issued a supplemental statement of the case describing what the veterans examiner had done and in response to that Mr. Sovis went out and and obtained what he thought they were explicitly asking him to obtain and submitted to that to the VA the VA then didn't do any of the things that they're required under the statute to inform the veteran that his application was incomplete to assist him in obtaining the evidence that he had specifically put before them and asked that he obtain and so I don't think adhering to any of that that case laws is relevant for this very narrow question before the court okay let's let's hear from the other side this rose may it please the court I would like to start by briefly addressing the argument on jurisdiction and I think that the important thing here to remember is that when this court looks at its jurisdictional boundaries it examines the substance of the issue presented not a party's characterization of that so the reason that the government here argued that there was no issue of statutory interpretation raised is that the Veterans Court truly did simply address the argument raised by mr. service as to whether or not the board had had correctly found that the duty to assist had been fulfilled and determined that on the facts of the record the board did not err in finding the duty to assist mr. the statute does speak in terms of reasonable possibility and it is correct that the Veterans Court in this decision referred to reasonably helpful now what whatever you say about the strength or the weakness or in between of that argument it does seem to present a legal question as to whether there was a there was a statutory interpretation that was incorrect we don't disagree that questions regarding the scope of the duty to assist are within this court's jurisdiction however I think that when we get to the point where it's parsing so finally we're almost asking the court magic words and it has to track the language of the statute directly argument on the merits but as it's pitched doesn't it present a legal argument as it's pitched but again that goes back to what the court talked about in and as it's pitched by mr. service if the if it's characterized as a legal argument and again here I don't think that the Veterans Court's decision really supports there was an interpretation in the manner that this court has described and for example in talking about an elaboration of the statute or for example as was discussed in foresheet but if the court were to reach the merits I think that and what's clear here is that the correct result would be for this court to affirm the Veterans Court's decision and I want to talk about that language about reasonably helpful to substantiate a claim because that's very important language here there's a distinction between a claim and all of the underlying elements or factors that make up that claim and here mr. service's claim was for a claim for service connection for dementia based on exposure to radiation and that type of claim a direct claim for a claim a direct claim is requires both first a finding that the veteran was exposed to radiation and then only second do reach the question of whether or not there's a nexus between the found exposure to radiation and the underlying condition and so here where the board had found and and it appears that mr. services counsel agrees that the board's finding that there was no exposure to radiation is an unreviewable factual finding and I don't believe that she challenged that in her place where the board had found that there was no exposure to to radiation this goes to judge Chen's question about what then could the VA have really done to assist this claimant and the the simple fact of the matter is that these articles even if they could help validate a nexus between radiation exposure and dementia but there was no dispute in terms of the fact that he was on the ship and that he was bumped adjacent to the the cargo and at that time I didn't see any establishment that there is no leakage and that there is no area of that one view as exposure and I didn't see that the board made a definitive finding that the air in that space was pure and free of any any aspect of radiation are you saying that they did no however I think this gets to a more fundamental issue relating to claims based on ionizing radiation because there is potential for nuclear materials certainly but also in other circumstances such as you know simply flying concerned with these circumstances the bunk to which he was assigned where he resided for a good deal of time on the ship and all the rest of it I didn't see any scientific finding that there was no radiation leakage or whatever else you might call it in that atmosphere well a leak it I think we're now and perhaps getting into the difference between indirect exposure anytime that there's nuclear materials and something that causes a release we're getting into the findings of the board and the the completeness whether there was doubt to be resolved in favor of the veteran the extent of the additional investigation that the board was required to or the VA was required to do when apparently they did not declined even to read the scientific references that he provided by title the title is significant the content of two of them perhaps was unknown no effort by the board to review the state of the science as far as we could tell from the record I would start with that your honor that last point because there was an effort made to review the state of the science that wasn't done directly but they're supposed to assist the veteran this is not an adversary proceeding this is where we're all trying to find out as well as we can what the scientific facts might be what might be the consequences for those who for one reason or another might be vulnerable and it's hard to find in the record that this duty was performed as conscientiously as one might hope first of all when mr. service made it clear that he was basing his claim not only on asbestos which is what the VA had originally interpreted the claim and to be based on but on exposure to radiation the board remanded for a VA examination to examine his claim and and do that scientific determination that the court is concerned about and specifically that medical examiner in 2012 did review the state of the of the scientific evidence and that can be found in the record at 137 to 141 after that examination had been performed mr. service submitted these ads these additional abstracts but to be fair one abstract does on its face explain that the underlying study found that there was no direct correlation between exposure to radiation and development of dementia in in survivors of atomic bomb like in Horatio Hiroshima and that was at 155 the other we're told the record says that the board did not read refused to obtain the two scientific articles whose caption states a relevancy of some sort how does that fulfill the duty to assist because the duty to assist as this court explained in goals is not boundless and here where there was an a and there was as judge pointed out a finding by the board that mr. service had not established that he was exposed to radiation materials during service that second element of nexus really isn't reached the board did address the nexus element but in in this decision it made it clear that that that the first element really could end the discussion it went on to discuss the nexus but there's nothing about the nexus element that could substantiate mr. services claim which is what the the statute at 5103 a requires is it has to be something that can help substantiate the claim and where there is a factual finding that is not reviewable by this court on the first element that mr. service was not exposed to radiation as a result of service that second piece even even if they're what even if the state of the evidence the medical evidence showed definitively that there could be some connection between dementia and radiation exposure it would only come into play if there was a finding that mr. service had been exposed to to radiation what's the in your view what is the proper disposition of this case assume that the court were to find that a legal argument has been presented along the lines that miss Helm discussed in a brief in an oral argument but that at the same time we're faced with a finding that there was no exposure radiation both by the board and again that finding not disturbed on appeal to the Veterans Court what do we do in that circumstance if that's the situation we have a legal argument jurisdiction for that but if you're correct whether that arguments stands or falls doesn't make any difference what do we do in that situation do we affirm or do we dismiss or what in your view if there is a legal argument raised in the court would have jurisdiction so dismissal would not be appropriate the correct thing to do would be to affirm and and I I wouldn't know that it's not a harmless error type and argument because that assumes that there was an error but it would reflect the courts understanding that here the duty to assist does not require the VA to obtain documents where like here there's a claim that requires two elements and the first element has not been met something that can help sustain the second element is not necessary it's not necessary for the VA to go out and get those documents on nexus if that first element of exposure has not been found if the court has no further questions we ask that the appeal be dismissed or affirmed if the court determines it has I just have a couple brief points to respond to I believe judge shawl and judge Chen seems like you're over one concern that you have is this factual finding about whether there was whether mr. service had any exposure to radiation or not and for this I would point again to to the notion that if you because of a prior factual finding then review would be precluded in many instances that I don't believe Congress intended this court to preclude review the very narrow issue here it is not the case I don't believe it is the case as Apley says there are there are two prongs and if you haven't met the first prong the second prong is irrelevant in this case the first prong in which the factual finding was that in at best there was indirect contact to nuclear materials and then based on a set of reviewing the evidence the conclusion was that there is probably no exposure to radiation here the statutory error is conflated with the fact that that proper evidence wasn't presented so if you take this very narrow remand which we believe is appropriate here to remand the issue it's a very relatively light burden the VA would have to review the specific enumerated documents which no one has argued and there's no argument in the record here or below that those documents are somehow not attainable and that they'll that any of the goals law or otherwise kicks in to say that this is you know would be a futile search or this would not be something that could be adequately found by the VA none of that applies here there's no dispute they could get these records if we could remand the case narrowly to look at that then I believe it's an issue to be presented below on what the evidence then says under a proper interpretation of the statute and then if the if any finding doesn't change well I believe that's just speculative at this case and it's not something that we're asking this court to consider. Any more questions? Thank you. Thank you Ms. Heldman. Ms. Rose, the case is taken under submission. That concludes our argued cases for this morning. All rise. Thank you.